# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NOBLE FRANKLIN LAWRENCE-BEY, ) ) Plaintiff, ) vs. ) ) STATE OF INDIANA: CENTRAL CHILD ) SUPPORT COLLECTION UNIT; ) ) Defendant. ) | 1:12-cv-00236-SEB-TAB |

**Entry and Order Dismissing Action**

**I.**

Having granted the plaintiff's motion to proceed *in forma pauperis*, the court must dismiss at the earliest practicable time any complaint or any claim within a complaint which is fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.**

Noble Franklin Lawrence-Bey, a self-proclaimed free Moorish National, sues the State of Indiana: Central Child Support Collection Unit. Lawrence-Bey argues that the State has garnished his wages though a January 22, 2012, court order in violation of his constitutional rights. Specifically, Lawrence-Bey argues that he cannot be named as a party in an Indiana court because he is a "Aboriginal, Indigenous, Moorish National, Divine Being, Free Sovereign" and that any child support collection order is unconstitutional. He seeks damages from the State of Indiana and a declaration that he cannot be sued or named in court.

As to the claim for damages, the Eleventh Amendment bars all suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst v. Halderman,* 465 U.S. 89, 99–100 (1984). The claim for damages is barred by the Eleventh Amendment.

The predicate to the claim that the plaintiff cannot be named in court or sued is frivolous. The Seventh Circuit has "repeatedly rejected" theories of individual sovereignty and has instructed that such theories should be rejected summarily, however they are presented. *U.S. v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011)(citing cases, including *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law")). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." *Id.*

## III.

A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir.2008). That is what has occurred here. Accordingly, the action is dismissed and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/26/2012

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

Franklin Lawrence-Bey
P.O. Box 24114
Indianapolis, IN 46224